UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CRUZ VALENCIA-ADATA                          DOCKET NO. 2:23-cv-01164
    REG. # 51077-056

                                          SECTION P

VERSUS

                        JUDGE JAMES D. CAIN, JR.

WARDEN, FCI OAKDALE II

                    MAGISTRATE JUDGE LEBLANC

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Cruz Valenica-Adata on August 28, 2023.  Doc. 1.  The government filed a Response to the Petition on January 3, 2024.  Doc. 7.  The matter is now ripe for review.

Additionally, on March 26, 2025, the government filed a Motion to Dismiss, asserting that Valencia-Adata has completed his federal sentence and is no longer in the custody of the Bureau of Prisons ("BOP"), thereby rendering his petition moot and warranting dismissal. Doc. 14.  In support of this allegation, the government provided a verified copy of Valencia-Adata's BOP Inmate Profile showing his release from BOP custody on January 17, 2025.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.
### BACKGROUND

Valencia-Adata was an inmate in the custody of the Bureau of Prisons ("BOP") and, at the time of filing the petition commencing this action, was incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). He filed a petition for writ of habeas corpus

claiming that he is not the subject of a final order of deportation and, therefore, eligible to have Federal Time Credits applied to his sentence.

The respondent, in his return to the petition, provided the Immigration Detainer – Notice of Action and Warrant of Removal/Deportation which establishes that petitioner is, in fact, subject to a final order of removal entered against him as of July 29, 2023.  Doc. 7, att. 1, p. 6.

Subsequently, respondent filed a Motion to Dismiss, accompanied by a verified BOP Inmate Profile, evidencing the Valencia-Adata has been released from BOP custody as of January 17, 2025.  Doc. 14, att. 2.  Because Valencia-Adata is no longer in BOP custody, the government argues his habeas corpus petition is now moot.

## II.
### LAW & ANALYSIS

In *Williams v. Bureau of Prisons*, No. 3:23-CV-1004-X-BK, 2024 WL 1919748 (N.D. Tex. Feb. 3, 2024), *report and recommendation adopted*, No. 3:23-CV-1004-X-BK, 2024 WL 1903918 (N.D. Tex. Apr. 30, 2024), a habeas petitioner was released from BOP custody to supervised release while the petition was pending.  The petitioner having been released from BOP custody, such that the relief of release from custody was no longer available, the *Williams* court dismissed the petition as moot.  In doing so the court observed:

> "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* At 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate…. The parties must continue to have a 'personal stake in the outcome' of the lawsuit."). If a controversy becomes moot, the court should dismiss the case for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

*Williams*, No. 3:23-CV-1004-X-BK, 2024 WL 1919748 at *1.

Valencia-Adata's request is to use First Step Act time credits for early transfer to supervised release.  Doc. 1.  As Valencia-Adata has already been released from BOP custody, the relief requested is no longer available and so his claim is moot. *See, e.g., Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (unpublished) (§ 2241 petition seeking immediate release because BOP failed to properly credit petitioner's sentence was mooted by his release); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) (unpublished) ("If the only relief sought by an appellant cannot be granted, the case is moot."). If the case is moot, the court is divested of subject matter jurisdiction. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) ("[A]lthough a justiciable controversy may have existed at the time litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation.").

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 14] be **GRANTED**, and, accordingly, the petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 16th day of March, 2026.

_____

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE